# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| GARNETT A. GEBHARDT,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN CHU, SECRETARY, UNITED STATES DEPARTMENT OF ENERGY, and NORTHROP GRUMMAN CORPORATION,<br><br>Defendants. | No. C 10-2807 MEJ<br>**E-FILING CASE**<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED by and between the plaintiff and the federal defendant, Steven Chu, Secretary of the United States Department of Energy (hereafter, "Defendant"), after full and open discussion, that this action be settled and compromised on the following terms:

WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 633a;

WHEREAS, Plaintiff has filed an administrative EEO complaint with the Department of Energy which was given case No. 09-0123-AL;

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

WHEREAS, on August 4, 2011, Mediator William Cahill informed the parties to this litigation that they all agreed to resolve all claims between and among each party fully and completely in accordance with the Mediator's Proposal made July 22, 2011;

WHEREAS, Plaintiff is also entering into a separate stipulation and agreement of compromise and settlement with Defendant Northrop Grumman Corporation; which together with this stipulation and agreement will resolve all issues in this litigation and result in its dismissal with

1    prejudice;

2        NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement,

3    and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties

4    (*i.e.*, Plaintiff and Defendant - Steven Chu, Secretary of the United States Department of Energy)

5    agree as follows:

6        1. **Settlement Amount**. In full and final settlement of all claims in connection with the

7    above-captioned action, Defendant shall pay Plaintiff a total sum of one hundred fifty thousand

8    ($150,000.00) dollars ("Settlement Amount"). There shall be no withholding from this amount.

9    Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and

10   that any questions as to the tax liability, if any, as a result of this payment is a matter solely between

11   Plaintiff and the IRS. The check will be made payable to Bryan Schwartz Law and Garnett

12   Gebhardt, and will be mailed to Plaintiff in care of her counsel. Plaintiff and her attorney have been

13   informed that payment of the Settlement Amount may take as much as, forty-two (42)  days from the

14   date that the Court "so orders" this Agreement to process, but not more than seventy (70) days from

15   the date the Court "so orders" this Agreement to process. Plaintiff understands that she will not be

16   issued a check until after the Court approves this stipulation.

17       2. **Release**. In consideration of the payment of the Settlement Amount and the other terms

18   set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges

19   Defendant, the Department of Energy, and any and all of their past and present officials, agents,

20   employees, attorneys, insurers, their successors and assigns,[5] from any and all obligations, damages,

21   liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever,

22   including claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a,

23   whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the

24   date she executes this Agreement, which arise from or relate to any work performed during her

25   employment with a Department of Energy contractor, Northrop Grumman Corporation, and any

26   work she performed for the Department of Energy.

27       3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction of

28   ─────────────────
     [5] This release in no way affects Plaintiff's claims against Defendant Northrop Grumman.

**STIPULATION AND AGREEMENT FOR
COMPROMISE AND SETTLEMENT**          2.               Case No. CV 10 2807 (MEJ)

1   all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all

2   stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and

3   district court complaints in connection with the above-captioned action, and any other judicial or

4   EEO administrative proceedings.

5       4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms

6   of this Stipulation and Agreement, Plaintiff agrees that she will execute a Stipulation of Dismissal,

7   which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that

8   could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by

9   counsel for Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the

10  Settlement Amount. The executed Stipulation of Dismissal shall not be filed and will have no effect

11  until after Plaintiff receives the Settlement Amount described in Paragraph 1, above.

12      5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code

13  Section 1542 are set forth below:

14      "A general release does not extend to claims which the creditor does
        not know or suspect to exist in his or her favor at the time of executing
        the release, which if known by him or her must have materially

15      affected his or her settlement with the debtor."

16  Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorneys,

17  and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she

18  may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff

19  understands that, if the facts concerning Plaintiff's claims and the liability of the government for

20  damages pertaining thereto are found hereinafter to be other than or different from the facts now

21  believed by them to be true, this Agreement shall be and remain effective notwithstanding such

22  material difference.

23      6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and

24  complete defense to any subsequent action or other proceeding involving any person or party which

25  arises out of the claims released and discharged by the Agreement, other than for enforcement of this

26  Agreement.

27      7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and

28  demand, which settlement does not constitute an admission of liability or fault on the part of the

STIPULATION AND AGREEMENT FOR
COMPROMISE AND SETTLEMENT                    3.                    Case No. CV 10 2807 (MEJ)

1  Defendant, the Department of Energy, or any of their past and present officials, agents, employees,

2  attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

3      8. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff or

4  Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's

5  counsel shall be solely responsible for paying any such determined liability from any government

6  agency thereof.

7      9. **Enforcement Sole Remedy.** The parties agree that should any dispute arise with respect

8  to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the

9  Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an

10  action to enforce the Agreement in the United States District Court for the Northern District of

11  California.

12      10. **Construction.** Each party hereby stipulates that it has been represented by and has

13  relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has

14  had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and

15  understands all of the terms of the Agreement and the legal consequences thereof. For purposes of

16  construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement

17  and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

18      11. **Severability.** If any provision of this Agreement shall be invalid, illegal, or

19  unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any

20  way be affected or impaired thereby.

21      12. **Integration.** This instrument shall constitute the entire Agreement between the Parties,

22  and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered

23  into by the parties hereto with the advice of counsel, who have explained the legal effect of this

24  Agreement. The Parties further acknowledge that no warranties or representations have been made

25  on any subject other than as set forth in this Agreement. This Agreement may not be altered,

26  modified or otherwise changed in any respect except by writing, duly executed by all of the parties

27  or their authorized representatives.

28      13. **Authority.** The signatories to this Agreement have actual authority to bind the parties.

STIPULATION AND AGREEMENT FOR
COMPROMISE AND SETTLEMENT     4.     Case No. CV 10 2807 (MEJ)

14. **Application for Future Employment**. Plaintiff agrees that she will not apply for employment at the Department of Energy for a period of 10 years following the date of her signature on this agreement.

15. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act**. Plaintiff acknowledges that she has been given a reasonable period of time to consider this Agreement. Plaintiff is advised to consult her attorney about the Agreement.

DATED: 9/2/2011

_____
Plaintiff

As to form:

DATED: 9/2/11

_____
Plaintiff's Attorney

MELINDA HAAG
United States Attorney

DATED: 9/8/11

_____
ABRAHAM A. SIMMONS
Assistant United States Attorney
Attorney for Federal Defendant

The parties shall file a stipulation for dismissal or joint status report within 70 days.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: September 8, 2011

_____
HON. MARIA ELENA JAMES
United States Magistrate Judge

STIPULATION AND AGREEMENT FOR
COMPROMISE AND SETTLEMENT                    5.                    Case No. CV 10 2807 (MEJ)